UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
*West Palm Beach Division*

| | |
|---|---|
| TACTICAL AIR DEFENSE SERVICES, INC., <br><br> Debtor | Case No. 10-22515-BKC-PGH <br><br> **Chapter 7 Involuntary** |

**EMERGENCY MOTION OF ALLEGED DEBTOR TO**
**DISMISS INVOLUNTARY PETITION**

TACTICAL AIR DEFENSE SERVICES, INC. ("TADS"), the Alleged Debtor herein, respectfully moves this Honorable Court on an emergency basis for dismissal of the Involuntary Petition improvidently filed against it by MARK DANIELS ("DANIELS"). In support thereof, TADS would respectfully submit the following:

> **Reason for the Exigency**
>
> TADS is a publicly-owned corporation, with over 2,000 shareholders. As such, it is required to adhere to the requirements of the Securities laws. If it is unable to obtain the immediate dismissal of this bogus involuntary chapter 7 filing within the next three (3) days, it will be required to file an 8K with the Securities and Exchange Commission and to report the open issue. This will have a devastating effect on the company, as TADS is in the final steps of negotiating a binding agreement to acquire another public company, the completion of which is very material and critical to the future success, business operations and shareholder value of over 2,000 of the company's shareholders. This critical transaction will effectively be ruined in the event the involuntary bankruptcy petition is disclosed. As explained in more detail below and in the Declaration of TADS' CEO, TADS believes that this is exactly the effect intended by the petitioning creditor, DANIELS, who is a former CEO of TADS and who was forced to resign in November 2009 by reason of his self-dealing, usurpation of corporate opportunities and misappropriation of TADS' monies.
>
> Further, TADS is presently the plaintiff in a Florida state court action against DANIELS asserting his violation of his Employment Agreement, as well as damages for substantial damages resulting from his tortious misconduct and violations of TADS' trade secret rights and other common law protections. DANIEL'S claim, which he failed to assert as a compulsory counter-claim, is very much disputed.

Case No. 10-22515-BKC-PGH

1. On May 7, 2010, DANIELS, a former CEO of TADS, filed a single-creditor involuntary Chapter 7 petition against the company. According to the petition, DANIELS claims he is owed $188,656.78 pursuant to a "Promissory Note."

2. The boxes on the form are checked indicating that the petitioner claims that he is eligible to file the petition pursuant to 11 U.S.C. §303(d); and that the Debtor is generally not paying its debts as they come due, unless they are *bona fide* disputed.

3. The Debtor believes that the Involuntary Petition is a blatant effort by DANIELS to disrupt a critically material acquisition by TADS that is in its final stages and to make an "end run" around pending litigation entitled *Tactical Air Defense Services, Inc. v. Mark Daniels, et al*, Circuit Court of the 15th Judicial Circuit, Palm Beach County, Florida, Case No. 50-2010 CA 005988XXXXAJ, wherein TADS is suing DANIELS for violation of his Employment and Non-Competition Agreement, for injunctive relief, damages and accounting ("the State Court Action"). See Complaint attached as Exhibit "A" herein.

4. The Involuntary Petition should be <u>immediately</u> dismissed for two primary reasons:

   a. DANIELS' alleged claim is subject to *bona fide* dispute, both as to liability and as to amount; and

   b. TADS has more than twelve (12) unsecured creditors (excluding normal recurring such as utilities), and accordingly, even if DANIELS could qualify as a petitioning creditor, there must be at least three (3) qualified petitioning creditors.

2

Case No. 10-22515-BKC-PGH

## **DISCUSSION**

5. Involuntary bankruptcies are governed by 11 U.S.C. §303. Section 303(d) explains that:

> An involuntary case against a person is commenced by the filing with the Bankruptcy Court of a petition under Chapter 7 . . . of this Title -
>
> 1. By three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a *bona fide* dispute as to liability or amount. . . if such non-contingent, undisputed claims aggregate at least $13,475.00 more that the value of any lien on property of the debtor securing such claims held by the holders of such claims;

6. Here, as DANIELS was well aware at the time he commenced this proceeding, the Involuntary Petition is simply does not qualify.

7. First, DANIELS is the subject of a lawsuit where TADS is the Plaintiff and he is the Defendant. DANIELS is being sued by TADS in the State Court Action for violating his Employment and Non-Competition Agreement, as well as a multitude of other tortious conduct. As part of the prior dealings between the parties, upon his forced resignation as CEO, DANIELS exchanged a General Release of all claims against TADS. See Settlement Agreement attached as Exhibit "B" herein. DANIELS' Promissory Note pre-dates his Release to TADS, and interestingly, the alleged Note is dated the same day his Employment Contract commenced. See alleged Promissory Note attached as Exhibit "C" herein. On this basis alone, DANIELS' claim is contigent and subject to a *bona fide* dispute.

8. Furthermore, any alleged liability by TADS on the Note was, in any event, conditioned upon DANIELS' supplying a complete accounting of money he had taken and

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

Case No. 10-22515-BKC-PGH

misappropriated from TADS. (See Exhibit "B" at Para. 4 ("Accountability of Financial Reporting")). Such monies were to be debited against any promissory note allegedly held by DANIELS, but he never provided the required accounting and the monies misappropriated and unaccounted for by DANIELS vastly exceed the sums allegedly owed and claimed by DANIELS in the Involuntary Petition. As such, TADS' claims for damages in the State Court Action totally off-set and negate DANIELS' alleged claim

9. In addition, since TADS is suing DANIELS, if he were indeed owed any money on a Promissory Note arising out of or in connection with his employment with TADS, that claim would be a compulsory counterclaim in the State Court lawsuit. DANIELS, however, did not make such a claim in the State Court.[1] (See Answer, Exhibit "D" attached). The amount of damages which TADS has suffered at the hands of DANIELS is substantially in excess of any amount he could claim with respect to the alleged Promissory Note, in any event.

10. In short, DANIELS is plainly not a "holder of a claim. . . that is not contingent as to liability or the subject of a *bona fide* dispute as to liability or amount. . ., " and is thus not qualified to bring in an Involuntary Petition.

11. Secondly, single creditor petitions are reserved for circumstances where the debtor has fewer than twelve (12) creditors. Here, as confirmed by the Declaration of Alexis Korybut, TADS's current CEO, the putative Debtor has more than twelve (12) creditors. (See attached

---

[1] It is extremely telling that DANIELS did not disclose to and in fact concealed from his own attorney in this proceeding the existence of the State Court Action. Indeed, DANIELS' attorney only learned of the existence of the State Court Action for the first time when he was informed of the action by TADS' undersigned counsel <u>after</u> the Involuntary Petition was filed.

4

Case No. 10-22515-BKC-PGH

Exhibit "E", Declaration of Alexis Korybut). As the company's CEO until November 23, 2009, DANIELS was well aware of this fact at the time he filed his bogus Petition. As such, the Involuntary Petition is, charitably put, improvident at best and frivolous at worst. In reality, it is a willful and malicious effort on the part of DANIELS to sabotage TADS for his own benefit and to retaliate for TADS' commencement and prosecution of the State Court Action.

WHEREFORE, the Alleged Debtor respectfully prays on an emergency basis for an Order to be entered dismissing this improvident, fraudulent and malicious involuntary Chapter 7 petition lodged against it by DANIELS, and further requests that the Court reserve jurisdiction pursuant to 11 U.S.C. §303(i) to assess costs, attorneys' fees, and/or damages and punitive damages by reason of this malicious filing.

Respectfully submitted,

_/s/ Ronald Neiwirth_

Ronald G. Neiwirth
Fla. Bar No. 152175
Email: rneiwirth@fowler-white.com
Jonathan B. Butler
Fla. Bar No. 56197
Email: jbb@fowler-white.com

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

5

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

Case No. 10-22515-BKC-PGH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of May 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ronald G. Neiwirth
Ronald G. Neiwirth


Stuart A. Young, Esq.
1860 Forest Hill Blvd.
Suite 201
West Palm Beach, FL 33406
syoungesq@aol.com


Office of the U.S. Trustee
51 S.W. First Avenue
12th Floor
Miami, FL 33130

6