MAY 1 4 2010

ORDERED in the Southern District of Florida on _____



Paul G. Hyman, Chief Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
*West Palm Beach Division*

| | |
|---|---|
| TACTICAL AIR DEFENSE SERVICES, INC., <br><br> Debtor | Case No. 10-22515-BKC-PGH <br><br> **Chapter 7 Involuntary** |

## ORDER GRANTING EMERGENCY MOTION OF ALLEGED DEBTOR TO DISMISS INVOLUNTARY PETITION (CP #7)

THIS MATTER came before the Court on Friday, May 14, 2010, on the Alleged Debtor, TACTICAL AIR DEFENSE SERVICES, INC.'s ("TADS"), *Emergency Motion to Dismiss* the single-creditor Involuntary Chapter 7 Petition filed against it by MARK DANIELS ("DANIELS").

The Parties appeared before the Court and stipulated to the following:

(a) DANIELS' claim is subject to *bona fide* dispute;

(b) TADS has more than 12 unsecured creditors; and,

1

Case No. 10-22515-BKC-PGH

(c)  the Court should enter an Order dismissing DANIELS' involuntary petition, with

prejudice to any subsequent involuntary petition by DANIELS, or any insider or

affiliate of DANIELS (as those terms are defined in the Code); moreover, DANIELS

agrees not to pursue any efforts or to take any actions to solicit, recruit, encourage or

cause any other alleged creditor of TADS to file an involuntary bankruptcy petition

against TADS.

## DISCUSSION

1.      Involuntary Petitions are governed by 11 U.S.C. §303.   Section 303(b) explains

that:

> An involuntary case against a person is commenced by the filing with the
> Bankruptcy Court of a petition under Chapter 7 . . . of this Title -
>
>> By three or more entities, each of which is either a holder of a claim
>> against such person that is not contingent as to liability or the subject of
>> a *bona fide* dispute as to liability or amount. . . if such non-contingent,
>> undisputed claims aggregate at least $13,475.00 more that the value of
>> any lien on property of the debtor securing such claims held by the
>> holders of such claims;

2.      TADS and DANIELS by agreement have consented and acknowledged that

DANIELS' claim is the subject of a *bona fide* dispute, and that TADS has more than 12

unsecured creditors.   That being the case, DANIELS' claim does not qualify him to be a

Petitioning Creditor, and a valid involuntary petition would have required three (3) unsecured

creditors in any event.  11 U.S.C. § 303(b)(1).

The Court being otherwise fully advised in the premises, and pursuant to the agreement

of the Parties that the involuntary petition should be dismissed, it is

2

**Case No. 10-22515-BKC-PGH**

**ORDERED**, that the Involuntary Petition (CP #1) filed by DANIELS against TACTICAL AIR DEFENSE SERVICES, INC., the Alleged Debtor, be and it is hereby **DISMISSED** with prejudice to any subsequent involuntary petition by DANIELS, or any insider or affiliate of DANIELS (as those terms are defined in the Code), with each side to bear its own attorney's fees and costs. It is further

**ORDERED**, that since this dismissal is consensual, the Court does not reserve jurisdiction under Section 303(i) to assess fees, costs or damages.

#        #        #

Conformed copies to:

Ronald G. Neiwirth, Esq.
Stuart A. Young, Esq.
Office of the U.S. Trustee

Mr. Neiwirth to serve a conformed copy of
this Order to all parties in interest and file a
Certificate of Service with the Court.

3